COOK, Judge,
concurring in the result:
I concur with my esteemed colleagues in the result of this case and the importance of trial defense counsel adequately advising and memorializing the post-trial advice rendered to their clients. I write briefly, however, to address two matters. First, the defense counsel’s failure to advise the accused concerning waiver of forfeitures was inexcusable under the facts and circumstances of this case, and I would find the counsel ineffective for this dereliction.
Second, I do not enthusiastically share that portion of the opinion, which approves of amendments to the Military Judges’ Bench-book requiring more colloquy by military judges with an accused concerning discussions with defense counsel about post-trial appellate rights. The Trial Defense Service community must shoulder the responsibility for systems of practice that ensure relatively noncomplex matters are properly handled by individual defense counsel. Providing a trial judiciary security blanket for defense counsel does relatively little to energize the defense community to meet this responsibility — a point established by the effort of this court to once again write concerning a claim of ineffective assistance of counsel based on lack of proper advice by a defense counsel concerning waiver of forfeitures. While a standard form is no substitute for institutional training and self-development, had there been an item addressing waiver of forfeitures on a standard form, the odds of this defense counsel covering waiver of forfeitures would have been greatly improved.